U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JAN 2 0 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| Roy Williams | DOCKET NO. 1:05 CV 1986 |
| VS. | SECTION P |
| | JUDGE DEE D. DRELL |
| John Dougan, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights action filed by *pro se* Plaintiff, **Roy Williams** ("Plaintiff"). Plaintiff was incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana at the time the events complained of occurred. Plaintiff is currently incarcerated at the Red River Parish Jail in Coushatta, Louisiana. [Rec. Doc. 1] Plaintiff was granted permission to proceed *in forma pauperis* on December 12, 2005. [Rec. Doc. 6].

Plaintiff claims Officer John Dougan used excessive force when performing a "patdown", therefore, violating his Eighth Amendment right to be free from cruel and unusual punishment.

### Frivolity

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A

complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

## Excessive Force

"[T]o succeed on an excessive force claim, the plaintiff bears the burden of showing: '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Goodson v. City of Corpus Christi, 202 F.3d 730, 740) (5th Cir.2000) (quoting Williams v. Bramer, 180 F.3d 699, 703 (5th Cir.1999)).With regard to the physical injury requirement, the Fifth Circuit has found that "the law in this Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than **de minimis** physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." Gomez v.Chandler, 163 F.3d 921, 924 (5th Cir.1999). "[W]ithout this de minimis threshold,

every 'least touching' of a [prisoner] would give rise to a section 1983 claim.... Not only would such a rule swamp the federal courts with questionable excessive force claims, it would also constitute an unwarranted assumption of federal judicial authority to scrutinize the minutiae of state detention activities." Riley v. Dorton, 115 F.3d 1159, 1167 (5th Cir.1997).

Plaintiff has failed to satisfy the requirement of §§ 1997e(e) and demonstrate that he suffered more than a *de minimis* injury from the actions of Defendants. *See Siglar v. Hightower*, 112 F.3d at 193 (holding that an ear that was sore and bruised for three days was a *de minimis* injury); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1186 (5th Cir.1990) (holding that claims of neck strain from a chokehold, scratches, "marks" left on wrists by handcuffs, and rough treatment causing elevated blood pressure did not amount to injuries sufficient to support claims of constitutional excessive use of force); *Wesson v. Oglesby*, 910 F.2d at 283 (finding that the allegation of an officer placing petitioner in a chokehold until he lost consciousness was insufficient to support a claim for excessive force because the injury was *de minimis* ); and *Raley v. Fraser*, 747 F.2d 287, 289 (5th Cir.1984) (holding that use of force which resulted in sore throat and hoarseness for two weeks and raised welts from tightened handcuffs did not amount to abuse of power that shocked the conscience).

Plaintiff in this case alleges the defendant, Officer John Dougan, grabbed and squeezed his private parts when conducting a

pat down. A search of a prisoner for contraband does not amount to an injury that is more than *de minimus*. Therefore, Plaintiff has failed to meet his threshold burden to state an Eighth Amendment claim of excessive force. Plaintiff's allegation should be dismissed as frivolous and for failure to state a claim.

For the above reasons, **IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 should be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of**

**its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District**

Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2004.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE